UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROMEAL PHOQUO, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-239 |
| § | |
| JPMORGAN CHASE BANK, N.A., § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

## I. Introduction

Defendant JP Morgan Chase N.A. ("JPMC"), successor in interest from the FDIC as Receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, Federal Association, its successors and assigns, filed a Motion to Dismiss (Doc. 4) all claims brought by Plaintiff Romeal Phoquo ("Phoquo" or "Plaintiff"). In the alternative, JPMC moves for a more definite statement under Fed. R. Civ. Pro. 12(e). Doc. 4. Having considered the pending motion, Plaintiff's Response (Doc. 8), and the Reply thereto (Doc. 10), the facts in the record, and the applicable law, the Court concludes it lacks subject matter jurisdiction over Plaintiff's claims and Plaintiff's case is dismissed.

## II. Background

On October 31, 1994, Phoquo and her former husband, Ahmed Adu-Oppong ("Adu-Oppong"), obtained a loan from Norwest Mortgage, Inc. for the purchase of the property located at 8619 Candlegreen Lane, Houston, Texas 77071 ("the Property"). Pl.'s Original Pet. Doc. 1-1 ¶ 7, 9. To secure the note, Phoquo and Adu-Oppong executed a deed of trust. Doc. 1-1 ¶ 9. In October 2005, Phoquo and Adu-Oppong separated. Doc. 1-1 ¶ 10. Phoquo claims that during

their separation, in December 2005, Adu-Oppong refinanced the 1994 mortgage and obtained a home equity line of credit through Washington Mutual by forging her signature[1] on two new deeds of trust. Doc. 1-1 ¶ 10-11.

Phoquo and Adu-Oppong's divorce was finalized in 2006. Doc. 1-1 ¶ 12. The Final Decree of Divorce ("the Decree"), entered on October 5, 2007, awarded the Property to Adu-Oppong and stated that Phoquo "is divested of all right, title, interest, and claim in and to that property." Def's Mot. to Dismiss. Doc. 4, Ex. C (Final Decree of Divorce) at 22. The Decree also assigned to Adu-Oppong the debts of the Property, including the balance due on the note, plus principal, interest, and tax, and the allegedly fraudulently obtained home equity line of credit with Washington Mutual. Doc. 4, Ex. C at 23-24. Phoquo claims that the award of the Property to Adu-Oppong was made in error because neither Adu-Oppong nor his attorney appeared for trial,[2] and Phoquo specifically requested to have the Property so that she would have a place to raise her minor children. Doc. 1-1 ¶ 12. According to Phoquo, she believed that the Decree awarded the Property to her, and she has continued to pay property taxes and homeowner association dues since it was entered in 2007. Doc. 1-1 ¶ 12.

In April 2012, JPMC foreclosed on the Property pursuant to the 2005 deed of trust. Doc. 1-1 ¶ 13. Phoquo contends that she remained unaware that she did not own the Property until JPMC evicted her. Pl.'s Resp. to Def.'s Mot. To Dismiss Doc. 8 ¶ 6. On January 15, 2013, Phoquo filed her original petition in state court asserting the following causes of action: (i) wrongful foreclosure; (ii) quiet title; (iii) breach of contract; (iv) violations of the DPTA and FDCPA; and (v) injunctive relief. Doc. 1-1 ¶ 13-26. Phoquo claims that the 2005 deed of trust

---

[1] Phoquo claims that her signature on 1994 deed of trust when compared to the 2005 deeds of trust is significantly different. Doc. 1-1 ¶ 11.

[2] According to Phoquo, Adu-Oppong has left the country. Doc. 1-1 ¶ 12.

was fraudulent, and therefore JPMC wrongfully foreclosed on her since it did not have a proper deed of trust.  Doc. 1-1 ¶ 12.  In addition, Phoquo argues that JPMC violated the DPTA and the FDCPA, and breached any agreement that existed between the parties since it did not provide her with proper notices of default, acceleration, and foreclosure.  Doc. 1-1 ¶ 13.  The case was timely removed to this Court (Doc. 1), and JPMC subsequently filed its Motion to Dismiss on February 7, 2013.  Doc. 4.  In its motion, JPMC maintains that Phoquo's petition does not adequately plead a single cause of action upon which the Court could grant relief.  Doc. 4 at 3.

### III. Legal Standard

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint, viewed in the light most favorable to the plaintiff, must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Determining the reasonableness of such an inference is "a context-specific task that requires the … court to draw on its judicial experience and common sense." *Id.* at 679

In considering a Rule 12(b)(6) motion, the court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, as well as matters of public record. *Lone Star Fund (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also United States ex. Rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) ("[T]he court may consider … matters of which judicial notice may be taken."). Taking judicial notice of public records directly relevant to the issue in dispute is proper and

does not transform the 12(b)(6) motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). A judicially noticed fact must be one "that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## IV.      Discussion

United States District Courts are courts of limited jurisdiction. 13 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3522 (3d ed.). If at any time, it appears that the court lacks proper subject matter jurisdiction, the court shall dismiss the action. FED. R. CIV. PRO. 12(h)(3). Where a plaintiff lacks standing, a federal district court is without subject matter jurisdiction to address the merits of the case. *Matte v. Sunshine Mobile Homes, Inc.*, 270 F. Supp.2d 805, 813 (W.D. La. 2003). Even where the parties have not raised the issue of standing, a court may consider it *sua sponte*. *National Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt. Auth.,* 389 F.3d 491, 498 (5th Cir. 2004); *Bauer v. Texas,* 341 F.3d 352, 357 (5th Cir. 2003).

"The inquiry as to whether a particular [litigant] has standing has two components, involving 'both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise.'" *Assoc. of Community Orgs. v.* Fowler, 178 F.3d 350, 356 (5th Cir.1999), citing *Warth v. Seldin,* 422 U.S. 490, 498 (1975). The Court's analysis here need only consider the constitutional limitations. To establish Article III standing a plaintiff must demonstrate (1) an injury in fact that is concrete and particularized; (2) that is fairly traceable to the challenged act; and (3) that is likely to be redressed by the requested remedy. *Davis v. East*

*Baton Rouge Parish Sch. Bd.,* 78 F.3d 920, 926 (5th Cir. 1996).

The injury of which Phoquo complains is the loss of her home.  The Court does not question that her injury is concrete and particularized, and satisfies the first prong of the standing analysis.  However, the second and third prongs are where Phoquo stumbles.  The loss of her home is not fairly traceable to the foreclosure of the Property by JPMC.  Plaintiff lost her home in the Final Decree of Divorce entered October 5, 2007 in the 246th Judicial District Court of Harris County, Texas in which the court stated, "the wife is divested of all right, title, interest, and claim in and to that property."  While the effects of her injury may not have been realized until the foreclosure, it is not traceable to the foreclosure or the allegedly fraudulent deed; it is traceable to the Decree.

Further, her injury cannot be redressed by this Court.  Res judicata applies to a final divorce decree in the same way as it applies to any other final judgment.  *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990) (citing *Segrest v. Segrest,* 649 S.W.2d 610 (Tex. 1983), *cert. denied,* 464 U.S. 894 (1983)).  If a party does not timely appeal a divorce decree, then res judicata bars any subsequent collateral attack.  *Id.* (citing *Segrest,* 649 S.W.2d at 612-13).  In addition, another trial court has no authority to alter a divorce decree, even in cases where the issuing trial court has made a substantive error of law.  *Cox v. Carter*, 145 S.W.3d 361, 364 (Tex. App.—Dallas 2004) (citing *Shanks v. Treadway,* 110 S.W.3d 444, 447 (Tex. 2003) ("party's remedy for a substantive error of law by the trial court was by direct appeal, and he cannot now collaterally attack the judgment") (internal quotations omitted)).

Res judicata applies to the Final Decree of Divorce between Phoquo and Adu-Oppong.  Phoquo contends that the family court erred in the entry of her divorce decree, yet she never appealed the award of the Property to Adu-Oppong.  Therefore, res judicata bars any attempt to

relitigate or collaterally attack the award of the Property to Au-Oppong or the assignment of the mortgage to him.  Even if the award of the Property to Adu-Oppong was a substantive error of law, this court has no authority to alter the Decree.  The Decree's order that Adu-Oppong gained title to the Property and Phoquo "is divested of all right, title, interest, and claim in and to that property" is final and may not be challenged in this Court.

Phoquo's injury is not traceable to any conduct by JPMC and is not redressable by this Court.  Therefore, Phoquo does not meet the constitutional standing requirements. and this Court has no subject matter jurisdiction over her claim.

### V. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Phoquo's claims are dismissed for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, this 27th day of September, 2013.

                                                    MELINDA HARMON
                                        UNITED STATES DISTRICT JUDGE